UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DESTINI AZEVEDO

    Plaintiff,

    -v-                                                  3:06CV01222(CFD)

CLUB GETAWAY, INC.,
GETAWAY ADVENTURES, LTD.,
CAMP LEONARD-LEONORE, INC.,
THE LEONARD CORPORATION, and
PAUL THORN "AKA" PEANUT
    Defendants.

## RULING ON NON-PARTY MOTIONS TO QUASH

### I. SUMMARY OF FACTS

This case is a personal injury action brought pursuant to diversity jurisdiction. The plaintiff alleges that she was injured while riding on a motorized watercraft on the premises owned by defendant Club Getaway, Inc. ("Club Getaway") in Kent, Connecticut. There are no allegations regarding insurance coverage in the complaint. However, according to the defendants, Club Getaway had previously retained an insurance agency, non-party Capitol Risk Management Services, Inc. ("Capitol Risk"), to represent Club Getaway concerning its insurance needs, and Capitol Risk arranged the purchase of an insurance policy issued by non-party Steadfast Insurance Company ("Steadfast"). (D. Mem. Opp. at 2). Steadfast has refused to provide a defense to, and indemnify, Club Getaway,

relying on a watercraft exclusion contained in the insurance policy. Id. According to previous submissions to the court,

> [t]he defendants intend to bring a bad faith claim against the insurer and negligence actions against their insurance agents for failing to procure the proper coverage...Plaintiff and defendants are considering entering into a stipulated judgment in which defendants assign their causes of action against the insurer and/or the insurance agents to the plaintiff.

[Dkt. # 17 at 1-2]. Accordingly, Club Getaway has subpoenaed Capitol Risk and Steadfast "seeking information concerning the basis and validity of Steadfast's refusal to defend and indemnify it and whether Capitol Risk properly represented Club Getaway's interest in procuring the insurance policy." (D. Mem. Opp. at 2). Capitol Risk and Steadfast, respectively, have moved for protective orders to quash the subpoenas duces tecum and deposition notices served on them by the defendants **[Dkt. ## 11, 13]**.

## II. STANDARD OF REVIEW

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears the burden of showing why discovery should be denied. Blakenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992)(grant and nature of protection is singularly within the district court's discretion); Cruden v. Bank

of New York, 957 F.2d 961, 972 (2d Cir. 1992)(order regarding sequence of discovery at discretion of trial judge). However, a court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987).

**III. DISCUSSION**

Pursuant to Fed. R. Civ. P. 45(c)(3)(a)(iv), "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it...subjects a person to undue burden." Similarly, a protective order may issue under Fed. R. Civ. P. 26(c) to protect a person from, *inter alia*, undue burden or expense. Under the circumstances herein, the court finds that Capitol Risk and Steadfast have each met their burden of demonstrating that compliance with the subpoenas and deposition notices would constitute an "undue burden."

The subpoenas at issue seek information and documents which are not relevant to the pending case. The pending case is a traditional personal injury action that does not involve any issues pertaining to insurance. Thus, whether non-party Capitol Risk properly represented Club Getaway's interest in procuring an insurance policy from Steadfast, and whether Steadfast has wrongly denied coverage and refused to provide a defense, are not probative of the claims and defenses at issue in the pending personal injury action. "Rule 45 does not permit a party to use a subpoena to obtain information from non-parties that is unrelated to the action in which the rule 45 subpoena is issued." Collins v. Experian

Credit Reporting Svc., 2006 WL 2850411, at *1, No. 3:04CV1905(MRK)(D. Conn. Oct. 3 2006).

The defendants are free to bring a separate action, or assign their causes of action to the plaintiff, if they wish to pursue claims against Capitol Risk and/or Steadfast.

**IV. CONCLUSION**

For the foregoing reasons, the motions by non-parties Capitol Risk and Steadfast for protective orders quashing the subpoenas and deposition notices served by the defendants [Dkt. ## 11, 13] are **GRANTED.** 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 11th day of June, 2007.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**