UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DESTINI AZEVEDO, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1222 (VLB) |
| CLUB GETAWAY, INC., ET AL., | : | |
|     Defendants. | : | February 7, 2008 |

**MEMORANDUM OF DECISION AND ORDER GRANTING THE THIRD PARTY DEFENDANTS' MOTIONS TO DISMISS [DOCS. #52, 61]**

The plaintiff, Destini Azevedo, initiated this personal injury action against the defendants, Club Getaway, Inc., Getaway Adventures, Ltd., Camp Leonard-Leonore, Inc., The Leonard Corporation, and Paul Thorn, alleging the defendant's acted negligently in operating a boat on property they owned or operated. All defendants jointly filed a third party complaint against third party defendants Steadfast Insurance Company ("Steadfast"), Capital Risk Management Services, Inc. ("Capital"), and Atlantic Risk Specialist, Inc. ("Atlantic"). Now pending before the court are motions to dismiss the third party complaint. For the reasons hereinafter set forth, the motions to dismiss are GRANTED.

Steadfast is the insurance provider for the defendants. Capital and Atlantic acted as agents in securing the defendants' insurance policy with Steadfast. It is undisputed that the defendants' insurance policy contains a watercraft exclusion that shields Steadfast from indemnification for injuries suffered on the water. Azevedo alleges in her one count complaint that she suffered personal injuries

1

while riding in a boat on property either owned or operated by the defendants on August 19, 2004. [Doc. #1] The defendants third party complaint against Steadfast, Capital and Atlantic, alleges claims of negligence, bad faith, breach of fiduciary duty, breach of contract, and willful, wanton and reckless conduct in the creation of their insurance policy. [Doc. # 30] In support of jurisdiction, citing Rule 14 of the Federal Rules of Civil Procedure, the defendants claim that Steadfast, Capital and Atlantic may be liable for all or a portion of the plaintiff's claims. The third party complaint acknowledges the insurance policy includes a watercraft exception and does not contend that the policy covers Azevedo's injuries. All allegations in the third party complaint involving the conduct of either Steadfast, Capital or Atlantic occur prior to August 19, 2004. Capital and Atlantic each filed motions to dismiss for, among other things, lack of subject matter jurisdiction over the third party complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docs. #52, 61] Steadfast joined in Capital's motion to dismiss.[1] [Doc. #85]

The district court is a court of limited jurisdiction. Rule 14 does not confer jurisdiction on the court. See Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000) ("whether a court has subject matter jurisdiction over a third-party . . . cause of action, is distinct from an assessment of the propriety and merits of an impleader action" under Rule 14). It is undisputed that the court

---

[1] Steadfast also filed a separate motion to dismiss the third party complaint. [Doc. #57] The court's decision to dismiss the third party complaint renders that motion moot.

has neither federal question nor diversity jurisdiction over the third party complaint. The third party complaint must be dismissed unless the court can exercise supplemental jurisdiction. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Disputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact." Achtman v. Kirby, Mcinerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (internal quotations omitted). "In determining whether two disputes arise from a common nucleus of operative fact, we have traditionally asked whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." Id. (internal quotations omitted).

The court does not have supplemental jurisdiction over the third party complaint. The allegations in the complaint that confer jurisdiction on this court only involve Azevedo's accident on August 19, 2004. The allegations in the third party complaint involve only the facts and circumstances surrounding the defendants' agreement to purchase an insurance policy. The defendants do not assert claims that Steadfast, Capital or Atlantic wrongfully disclaimed coverage of Azevedo's injuries nor that they employed unfair claim settlement practices. The defendants admit that Azevedo's injuries fall within the policy's watercraft

exception.

The claims in the complaint and third party complaint are completely separate and distinct. There is no overlap. They involve different allegations of facts involving different actors and time periods. The evidence necessary to prove the claims would be found in different documents and offered through different witnesses.

The defendants argue that the third party complaint is properly before the court under Rule 14. That rule allows a defendant to file a third party complaint against a party that "may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As stated above, the defendants' do not assert claims that Steadfast, Capital or Atlantic are wrongfully disclaiming coverage under the policy. Instead, they allege that the policy explicitly excludes the type of coverage applicable to Azevedo's claims. Thus, Rule 14 is inapplicable. See Bank of India, 239 F.3d at 438 ("the impleader action must be dependent on, or derivative of, the main or third-party claim").

As there is no common nucleus of operative facts, nor any overlap between the facts necessary to prove the claims in the complaint and the third party complaint, this court lacks subject matter jurisdiction over the third party complaint. The motions to dismiss are GRANTED, and the third party complaint is dismissed. The clerk shall terminate third party defendants Steadfast Insurance Company, Capital Risk Management Services, Inc., and Atlantic Risk Specialist, Inc. from this action.

IT IS SO ORDERED.

_____/s/_____

**Vanessa L. Bryant**

**United States District Judge**


**Dated at Hartford, Connecticut: February 7, 2008.**